UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS SALVADOR VARGAS ROMERO, A-200-195-190,<br><br>Petitioner,<br><br>v.<br><br>WARDE, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-4403 TLN AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.      Factual Background

Petitioner is a native and citizen of Mexico who has lived in the United States for fourteen years and was detained by ICE after serving time in county jail on unspecified charges. ECF No. at 1 at 5. Petitioner has been detained since May 9, 2026. Id.

II.     Procedural History

On June 8, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by the DHS. ECF No. 1. The undersigned found that, liberally construed, the petition "asserts two violations of petitioner's due process rights: one based on prolonged detention and another based generally on his detention without a

1

parole hearing." ECF No. 6. Respondent was directed to respond to the petition and required to "substantively address whether there are any factual or legal issues that materially distinguish this case from Brayan C.C. v. Warden of California City Corr. Ctr., No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026), and other similar cases previously decided by this court." Id. Respondent failed to respond to the petition and was given another opportunity to do so. ECF No. 7. In granting respondent another chance to respond, the court cautioned that "[f]ailure to respond will be deemed an admission of any factual representations in the petition and that this case is not materially distinguishable from Brayan C.C., 2026 WL 710358." Id. (citing Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.")). The file reflects that the petition and both orders directing respondent to respond to the petition were electronically served on the 463 Unit of the United States Attorney's Office.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV.    Discussion

Respondent has completely failed to respond to the petition and the undersigned therefore deems the lack of response as an admission that there are no factual or legal issues that materially distinguish this case from the court's prior order in Brayan C.C., 2026 WL 710358, or any other similar cases previously decided by this court. Considering the facts of this case and respondents' failure to distinguish this case, the undersigned adopts and incorporates by reference the reasoning in Brayan C.C. and finds that petitioner's detention without a hearing before a neutral adjudicator violates due process.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a.  Respondent shall IMMEDIATELY RELEASE petitioner Luis Salvador Vargas Romero, A-200-195-190.  At the time of release, respondent must return all of petitioner's documents and possessions.

    b.  Respondent shall not impose any restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.

    c.  Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.

    d.  The order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal

2.  Within three days of an order adopting these findings and recommendations, respondent be required to file a notice of compliance confirming petitioner's release.

3.  The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are

////

////

////

3

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4