UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS SALVADOR V.R.,[1]

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-4403-TLN-AC

(A# 200-195-190)

**ORDER**

Petitioner, an immigration detainee proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 8, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 8.) Respondents filed objections to the findings and recommendations. (ECF No. 9.) In accordance with the

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.

Respondents do not object to the magistrate judge's findings or analysis, nor do Respondents make any effort to distinguish the instant case from the Court's ruling in *Brayan C.C. v. Warden of California City Correctional Center*, on which the magistrate judge relied. No. 2:26-cv-0641 TLN JDP, 2026 WL 710358 (E.D. Cal. Mar. 13, 2026). (*See* ECF No. 9.) Rather, Respondents respond that if the Court finds Petitioner is subject to 8 U.S.C. § 1226(a) as the magistrate judge found, then Respondents have no opposition to the Court ordering a bond hearing to determine the suitability of Petitioner's release. (ECF No. 9.)

Respondents have detained Petitioner for over two months without any due process, including a bond hearing. (ECF No. 1 at 5, 16–17.) Indeed, Respondents offer no evidence or argument that they have provided a shred of process to Petitioner to protect against erroneous deprivation of his liberty. (*See* ECF No. 9.) Respondents were obligated under 8 U.S.C. § 1226(a) to provide Petitioner a bond hearing and they did not do so. Respondents acted knowing full well that this Court and courts throughout this Circuit have repeatedly rejected their position as to detention authority under 8 U.S.C. § 1225(b)(2) for persons like Petitioner living in the United States. Moreover, courts throughout this Circuit have found procedural due process violations, likely thousands of times over the last nine months, for the very conduct exercised by Respondents here. Yet, Respondents do not change their conduct and now ask the Court to Order them to comply with the law they knowingly violated.

As this Court has said before, it will not give the government a free pass to deny Petitioner his statutory and constitutional rights first and comply with the law later, only after Petitioner is forced to seek judicial relief. The appropriate remedy in this case is not to bring the government into conformity with its governing statutes; it is to release Petitioner from unlawful custody. *See Dinesh S. v. Chestnut*, No. 1:26-CV-01717-TLN-EFB, 2026 WL 1028016, at *3 (E.D. Cal. Apr. 16, 2026) (citing *Quijada Cordoba v. Knight*, 809 F. Supp. 3d 1110, 1122 (D. Idaho 2025) (ordering release of detainee challenging his detention without a bond hearing and collecting cases); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20

(S.D.W. Va. Feb. 4, 2026) (ordering release and rejecting the government's argument that a bond hearing is the appropriate remedy)).

There is no evidence or argument in the record persuading this Court to depart from its standard relief in these cases. Respondents do not argue public safety concerns or that Petitioner is a danger. (ECF No. 9.) Even if Respondents have not articulated safety concerns, there is nothing in this Order to prevent Respondents from lawfully re-detaining Petitioner so long as they provide him with constitutionally sufficient due process and faithfully comply with this Court's Order.

Thus, having carefully reviewed the entire file, including Respondents' objections, the Court finds the magistrate judge's findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 8) are adopted in full, except as to minor modifications to the injunction below.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents shall IMMEDIATELY RELEASE petitioner Luis Salvador V.R. (A# 200-195-190) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **By July 17, 2026**, Respondents shall file a notice of compliance with this provision of the Order.

4. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel

present.

5. The Clerk of Court is directed to serve this Order on the **Golden States Annex**.

6. The Clerk of Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Date: July 14, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE